UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARL HOWARD POLING,                )
                                   )
                Plaintiff,         )    Case No. 1:06-cv-841
                                   )
v.                                 )    Honorable Robert Holmes Bell
                                   )
STATE OF MICHIGAN,                 )
                                   )    **MEMORANDUM OPINION**
                Defendant.         )
_____)

This is a civil rights action brought against the State of Michigan by a state prisoner. Plaintiff's *pro se* complaint seeks a declaratory judgment that the state criminal sexual conduct statute, pursuant to which plaintiff was convicted, was passed in violation of the Michigan Constitution. For relief, plaintiff seeks an order expunging his conviction, releasing him from incarceration, and granting him $50,000 in damages for each day of his wrongful incarceration. By report and recommendation entered December 4, 2006, Magistrate Judge Joseph G. Scoville determined that this action should be dismissed, both because the State of Michigan is immune from suit in the federal court and because plaintiff had failed to state a claim upon which relief can be granted. Plaintiff has now filed objections to the report and recommendation, which this court reviews *de novo*. See FED. R. CIV. P. 72(b).

Plaintiff's principal objection to the report and recommendation is that the magistrate judge merely concluded that this case should be dismissed, without giving any "valid reason." A review of the report and recommendation discloses the inaccuracy of plaintiff's criticism. In

summary, the report and recommendation gives the following reasons for dismissal: (1) the only named defendant, the State of Michigan, is immune from suit under the Eleventh Amendment; (2) plaintiff's challenge to the fact or duration of his confinement must be brought by petition for habeas corpus under 28 U.S.C. § 2254, after exhaustion of all state remedies, and not by civil rights action; (3) plaintiff has failed to establish this court's subject-matter jurisdiction over his declaratory judgment action.

Upon *de novo* review, the court concurs with each of the conclusions reached by the magistrate judge. First, the State of Michigan is clearly immune from suit under Eleventh Amendment principles, and no exception to that doctrine applies in this case. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Second, a civil rights action is clearly an improper means by which a state prisoner may challenge the fact of his confinement or seek release from custody. Rather, such relief must be brought by habeas corpus petition, after exhaustion of all state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Finally, to the extent that plaintiff seeks monetary damages arising from his allegedly unconstitutional conviction, that claim may only be brought after the underlying conviction has been set aside on direct or collateral review. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As plaintiff has not alleged that his underlying conviction has been set aside, his claim for $50,000 a day in damages is simply not cognizable in federal court.

Upon *de novo* review, the court determines that plaintiff's complaint must be dismissed, both on grounds of absolute immunity and for failure to state a claim upon which relief can be granted. A judgment of dismissal will be entered.

Date:   January 31, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE